An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CONOR JAMES HARRIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59787

**FILED**

JUN 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Conor James Harris' post-conviction motion to withdraw his guilty plea. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Harris contends that the district court erred by denying his post-conviction motion to withdraw his guilty plea because it was not knowingly and intelligently entered. Specifically, Harris claims that he would not have entered his plea of guilty had a plea of not guilty by reason of insanity been available to him. *See Finger v. State*, 117 Nev. 548, 577, 27 P.3d 66, 85 (2001) (permitting withdrawal where defendant believed he would have been prohibited from arguing legal insanity because plea was not knowingly entered).

Although the State argued below that Harris' motion was subject to laches, the district court instead reached the merits of Harris' motion. Because laches is a threshold issue, we remanded this matter for the limited purpose of allowing the district court to hold a hearing and determine whether the equitable doctrine of laches precludes consideration of the motion. During the evidentiary hearing, Harris refused to testify in support of the factual allegations contained in his motion and appellate brief. The district court determined that Harris'

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 17455

motion is precluded by laches because there was a 14-year delay in filing his motion, Harris waited three years after he learned of the *Finger* decision to file his motion, and there was credible testimony that important witnesses and evidence are no longer available because of Harris' delay. We conclude that the district court did not err by finding that laches precluded consideration of Harris' motion. *See Hart v. State,* 116 Nev. 558, 564-65, 1 P.3d 969, 973 (2000).

Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry